IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00347-BNB

JERRY D. GRADY,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
    individual capacity and official capacity,
DANA BUSTOS, Mental Health Director, individual capacity and official capacity,
TANIA GARCIA, Director of T.C.'s in Department of Correction[s],
    individual capacity and official capacity,
DAVE BOOTH, Director of Sterling TC, individual capacity and official capacity,
WARDEN MIYARD, Sterling Correctional Facility,
    individual capacity and official capacity,
ARISTEDES W. ZAVARAS, Executive Director,
    individual capacity and official capacity,
JOHN DOE 1-10, individual capacity and official capacity, and
JANE DOE 1-10,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 2 6 2010

GREGORY C. LANGHAM
                    CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Jerry D. Grady, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the correctional facility in Sterling, Colorado. Mr. Grady filed *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983. He asks for money damages and for an award of withheld good- and earned-time credits. He has paid the $350.00 filing fee.

    The Court must construe Mr. Grady's filings liberally because he is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se*

litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Grady will be directed to file an amended complaint.

Mr. Grady complains about his former placement in the Sterling Correctional Facility's therapeutic community. He alleges that he is 65 years old; has severe disabilities, including but not limited to degenerative bone disease, rheumatoid arthritis, osteoarthritis, and hepatitis C; and that the stress and physical requirements of the therapeutic community program violated his constitutional rights and his rights under the Americans With Disabilities Act. It is not clear whether he was removed from the program or whether he voluntarily left the program. He challenges the conditions of his confinement when he was in the program, including a lack of sufficient recreation, inadequate staffing, supervision by co-inmates, harassment by inmates and staff, and a diet inappropriate for his medical conditions. He complains that, since his removal from the program, his earned- and good-time credits are being withheld.

Mr. Grady's complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. **See TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Grady to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Grady fails to set forth a short and plain statement of his claims showing that he is entitled to relief. The complaint, which is forty-four pages long, is verbose and repetitive. Although Mr. Grady asserts three claims for relief, each of which concerns the conditions of his confinement during and after his participation in the therapeutic community program, he sets forth an extended and unnecessary discussion of often insignificant details and legal argument in support of his claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." **New Home Appliance Ctr., Inc., v. Thompson**, 250 F.2d 881, 883 (10th Cir. 1957). As a result, the Court finds that the complaint is excessively and unnecessarily long. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that

is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Mr. Grady will be directed to file an amended complaint that complies with the pleading requirements of Rule 8. Mr. Grady is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.

In the amended complaint, Mr. Grady must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Grady must name and show how named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Aristedes W. Zavaras, DOC executive director, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Grady may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Grady uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Grady, therefore, will be directed to file an amended complaint that states his claims clearly and concisely, asserts what constitutional rights were violated, and

4

alleges specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Plaintiff, Jerry D. Grady, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Grady, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form to be used in submitting the amended complaint. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. Grady fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without further notice.

DATED April 26, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00347-BNB

Jerry D. Grady
Prisoner No. 93047
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 4/26/10

                                     GREGORY C. LANGHAM, CLERK

                                By: _____
                                              Deputy Clerk