IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00347-BNB

JERRY D. GRADY,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
    individual capacity and official capacity,
DANA BUSTOS, Mental Health Director, individual capacity and official capacity,
TANIA GARCIA, Director of T.C.'s in Department of Correction[s],
    individual capacity and official capacity,
DAVE BOOTH, Director of Sterling TC, individual capacity and official capacity,
WARDEN MIYARD, Sterling Correctional Facility,
    individual capacity and official capacity,
ARISTEDES W. ZAVARAS, Executive Director,
    individual capacity and official capacity,
JOHN DOE 1-10, individual capacity and official capacity, and
JANE DOE 1-10,

    Defendants.

---

## ORDER DENYING PRELIMINARY INJUNCTION

---

This matter is before the Court on the motions titled "Prohibitory Injunction" and "Amended Motion for Defendant's Motion for 'Mandatory Injunction'" that Plaintiff, Jerry D. Grady, filed with the Court on February 18, 2010. Mr. Grady filed a complaint on March 16, 2010, and he was denied leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 on the same day. Mr. Grady paid the $350.00 filing fee on April 1, 2010.

Mr. Grady asks this Court to allow him to purchase bottled water through the inmate commissary or boil and filter his own water in his coffee pot so he can care for

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 27 2010

GREGORY C. LANGHAM
CLERK

his hepatitis C. He also asks the Court for use of his clock radio and headset for biofeedback meditation to help him with pain. In addition, he seeks a preliminary injunction so that he can go to his Native American sweat lodge and practice his religion.

The Court must construe the motions liberally because Mr. Grady is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the motions will be denied.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits; that he will suffer irreparable injury unless the injunction issues; that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). A preliminary injunction is an extraordinary remedy, and "the primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs." *Id.* Because Mr. Grady is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above. *See id.* at 1209.

Mr. Grady does not demonstrate a likelihood of prevailing on the merits, that he will suffer irreparable injury if no preliminary injunction is issued, that his threatened injuries outweigh whatever damage the proposed injunction may cause the opposing party, or that a preliminary injunction would not be adverse to the public interest. Therefore, the motions for a preliminary injunction will be denied. Accordingly, it is

ORDERED that the motions titled "Prohibitory Injunction" and "Amended Motion for Defendant's Motion for 'Mandatory Injunction'" that Plaintiff, Jerry D. Grady, filed with the Court on February 18, 2010, are denied.

DATED at Denver, Colorado, this  27th  day of  April , 2010.

BY THE COURT:

 s/Philip A. Brimmer 
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00347-BNB

Jerry D. Grady
Prisoner No. 93047
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 4/27/10

                                    GREGORY C. LANGHAM, CLERK

                                    By: _____
                                                  Deputy Clerk