IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00347-BNB

JERRY D. GRADY,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
DANA BUSTOS,
TANIA GARCIA, Director of T.C. Dep. of Correction[s],
DAVE BOOTH, Director of T.C. Sterling,
CARL SOARES, Asst. Warden Sterling Correctional Facility,
ARISTEDES W. ZAVARAS, Executive Director, and
WESLEY WILSON, CM.3 Sterling Correction[al] Facility,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 0 1 2010

GREGORY C. LANGHAM
CLERK

## ORDER TO FILE SECOND AND FINAL AMENDED COMPLAINT

Plaintiff, Jerry D. Grady, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Sterling, Colorado, correctional facility. On April 26, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Grady to file within thirty days an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On May 27, 2010, Mr. Grady filed *pro se* an amended complaint pursuant to 42 U.S.C. § 1983. He asks for money damages, injunctive relief, and for the restoration of good-time credits. The sole remedy in federal court for a prisoner seeking restoration of lost good-time credits is habeas corpus. **See Preiser v. Rodriguez**, 411 U.S. 475, 500 (1973). Therefore, to the extent he seeks the restoration of lost good-time credits, Mr. Grady must file a

separate habeas corpus action. He has paid the $350.00 filing fee for this civil rights action.

The Court must construe Mr. Grady's filings liberally because he is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Grady will be directed to file a second and final amended complaint.

Mr. Grady appears to complain that his placement in the Sterling Correctional Facility's therapeutic community (TC) behavior modification program affects his medical condition. He specifically alleges that he is 65 years old, has severe disabilities, including but not limited to degenerative bone disease, rheumatoid arthritis, osteoarthritis, hepatitis C, and dyslexia, and that the stress of the TC program adversely affects his physical, mental, and emotional conditions in violation of his right to be free from cruel and unusual punishment. He also alleges that the program violates his religious rights because he is a Native American being forced to participate in a "pseudochristian" program. See complaint at 6. He asserts a due process claim concerning a classification hearing allegedly resulting in his loss of good-time credits.

Mr. Grady's amended complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. As Magistrate Judge Boland informed Mr. Grady in the April 26 order for an amended complaint, the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. See *Monument Builders of Greater*

*Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). He specifically noted that Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Grady's amended complaint suffers from some of the same deficiencies as the complaint he originally filed. Mr. Grady fails to set forth a short and plain statement of his claims showing that he is entitled to relief. He fails to provide factual specifics as to how: (1) the stress of the TC program is exacerbating his medical condition, (2) participation in a behavior modification program is violating his religion, and (3) his classification has resulted in the loss of good-time credits. He sets forth an unnecessary discussion of often insignificant details and legal argument in support of his claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). As a result, the Court finds that the amended complaint and its asserted claims are vague and, therefore, confusing. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the

3

complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Mr. Grady fails to understand that it is his responsibility to present his claims in a manageable format that lets the Court and the defendants know what claims are being asserted and to be able to respond to those claims. Mr. Grady must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.

As Magistrate Judge Boland explained in the April 26 order for an amended complaint, in order to state a claim in federal court, Mr. Grady "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007).

In the second and final amended complaint he will be directed to file, Mr. Grady must assert personal participation by each named defendant. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Grady must show how the named defendants caused a deprivation of his federal rights. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as DOC executive director, Aristedes W. Zavaras, may not be held liable on a theory of respondeat superior merely because of

his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Grady may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Grady uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Grady may not sue the Colorado Department of Corrections. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Medical Center*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Com'n*, 328 F.3d 638, 644 (10th Cir. 2003).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th

Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8. Mr. Grady will be given a final opportunity to cure the deficiencies in his amended complaint by submitting a second and final amended complaint that complies with Fed. R. Civ. P. 8 and with this order. He will be directed to do so below. Accordingly, it is

ORDERED that Plaintiff, Jerry D. Grady, **within thirty (30) days from the date of this order**, file a second and final amended complaint that complies with this order and with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order. It is

FURTHER ORDERED that the second and final amended complaint shall be titled "Second and Final Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Grady, together with a copy of this order, two copies of the following form to be used in submitting the second and final amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Grady fails to file a second and final amended complaint that complies with this order within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 1st day of July, 2010.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00347-BNB

Jerry D. Grady
Prisoner No. 93047
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 7/1/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk