IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00347-BNB

JERRY D. GRADY,

    Plaintiff,

v.

ARISTEDES W. ZAVARAS, Executive Director, C.D.O.C. Prisons,
DANA BUSTOS, Mental Health Director, C.D.O.C.,
TANIA GARCIA, Director of C.D.O.C.'s T.C. Program,
KEVIN MILLYARD, Warden of the Sterling Correctional Fac.,
DAVE BOOTH, Director of Sterling Corr. Fac. T.C. Program,
CARL SOARES, Assitant [sic] Warden Sterling Corr. [F]acility, and
WESLEY WILSON, Case [M]anager 3 Sterling Corr. Faility [sic],

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 17 2010

GREGORY C. LANGHAM
CLERK

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND MAGISTRATE JUDGE

Plaintiff, Jerry D. Grady, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Sterling, Colorado correctional facility. On April 26, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Grady to file within thirty days an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On May 27, 2010, Mr. Grady filed *pro se* an amended complaint pursuant to 42 U.S.C. § 1983.

On July 1, 2010, Magistrate Judge Craig B. Shaffer ordered Mr. Grady to file within thirty days a second and final amended complaint that complied with Fed. R. Civ. P. 8, sued the proper parties, and asserted each Defendant's personal participation in

the asserted claims. On August 9, 2010, Mr. Grady filed a second and final amended complaint pursuant to § 1983. He asks for money damages and injunctive relief.

Mr. Grady has paid the $350.00 filing fee. Pursuant to 28 U.S.C. § 1915A, the Court is required to review the second amended complaint because Mr. Grady is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the second amended complaint, or any portion of the second amended complaint, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the amended complaint in part as legally frivolous.

The Court must construe Mr. Grady's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

Mr. Grady complains about his former placement in the Sterling Correctional Facility's therapeutic community. He alleges that he is 65 years old and suffers from serious medical conditions, including but not limited to degenerative bone disease, rheumatoid arthritis, osteoarthritis, and hepatitis C. He contends that the stress and physical requirements of the therapeutic community program violated his Eighth Amendment rights to be free from cruel and unusual punishment (claim one) and his Fourteenth Amendment due rights to be free from atypical and significant hardships (claim two). He specifically alleges that he was subjected to sleep deprivation,

intimidation, fear, and degradation, which exacerbated his physical and mental conditions. He contends he was expelled from the program and apparently reclassified.

As Magistrate Judge Shaffer pointed out in the July 1 order for a second and final amended complaint, Mr. Grady must assert personal participation by each named Defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Magistrate Judge Shaffer explained that, to establish personal participation, Mr. Grady must name and show how the Defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). He also explained there must be an affirmative link between the alleged constitutional violation and each d Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Magistrate Judge Shaffer specifically pointed out that a defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Despite his concerted efforts to do so, Mr. Grady has failed to demonstrate the personal participation of Aristedes W. Zavaras, the DOC executive director; Dana Bustos, the DOC mental health clinical director; Kevin Millyard, warden of the Sterling Correctional Facility; or Carl Soares, assistant warden of the Sterling Correctional Facility; and instead is suing these Defendants in their supervisory capacities. Therefore, the claims against these three Defendants will be dismissed as legally frivolous pursuant to § 1915A(b)(1), and these Defendants will be dismissed as parties to this action. The claims against the remaining Defendants, Tania Garcia, director of

the DOC's therapeutic community program; Dave Booth, director of the Sterling Correctional Facility's therapeutic community program; and Wesley Wilson, Mr. Grady's case manager, will be drawn to a district judge and a magistrate judge.

Accordingly, it is

ORDERED that the complaint is dismissed in part and drawn in part. It is

FURTHER ORDERED that the claims asserted against Defendants Aristedes W. Zavaras, Dana Bustos, Kevin Millyard, and Carl Soares are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1). It is

FURTHER ORDERED that Defendants Aristedes W. Zavaras, Dana Bustos, Kevin Millyard, and Carl Soares are dismissed as parties, and the clerk of the Court is directed to remove their names from this action. It is

FURTHER ORDERED that the claims asserted against Defendants Tania Garcia, Dave Booth, and Wesley Wilson and the case are drawn to a district judge and a magistrate judge.

DATED at Denver, Colorado, this __16th__ day of __August__, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00347-BNB

Jerry D. Grady
Prisoner No. 93047
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 8/17/10

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk