IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00347-PAB-CBS

JERRY GRADY,
    Plaintiff,
v.

TANIA GARCIA,
DAVE BOOTH, and
WESLEY WILSON,
    Defendants.
_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Mr. Grady's: (1) "Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915" (filed October 4, 2010) (doc. # 25); (2) "Incarcerated Plaintiff's Motion to Request Permission to Conduct Discovery Pursuant to Fed. R. Civ. P. Rules 26(a)(1)(E)(iii) and 26(f)" (filed October 4, 2010) (doc. # 26); and (3) "Plaintiff's Motion to Request the Court to Invite Counsel to Assist the Plaintiff in Litigation and Discovery" (filed October 4, 2010) (doc. # 27). Pursuant to the Order of Reference dated August 23, 2010 (doc. # 20) and the memorandum dated October 6, 2010 (doc. # 28), these matters were referred to the Magistrate Judge. The court has reviewed Mr. Grady's motions, the entire case file, and the applicable law and is sufficiently advised in the premises.

    First, as Mr. Grady was denied *in forma pauperis* status on March 18, 2010 (*see* doc. # 8) and has paid the full filing fee (*see* receipt (doc. # 9)), his request to proceed

1

*in forma pauperis* is properly denied as moot.

Second, Mr. Grady seeks discovery pursuant to Fed. R. Civ. P. 26. Defendants waived service of process on or about August 26, 2010. (*See* doc. # 22). Defendants are permitted 60 days from August 26, 2010 to answer or otherwise respond to Mr. Grady's "Second and Final Prisoner Complaint." *See* Fed. R. Civ. P. 4(d). After Defendant's answer or response, the court will set a preliminary scheduling conference as it deems necessary. Mr. Grady's request to commence discovery is properly denied as premature.

Third, indigent civil litigants have no constitutional or statutory right to be represented by a lawyer. *Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983). Pursuant to 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." *See also Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998) (a court may request counsel to represent an indigent plaintiff in an "exceptional case"). However, § 1915(e)(1) does not authorize "compulsory assignments of attorneys" or "coercive appointments of counsel." *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 300-310 (1989).

Whether to request counsel is left to the sound discretion of the trial court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "[T]he district court has broad discretion to appoint counsel for indigents . . . , and its denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process rights." *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (applying 28

U.S.C. § 1915(d), amended and renumbered as § 1915(e)(1)) (internal quotation marks and citation omitted). In deciding whether to request counsel for an indigent civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (citation omitted). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Hill*, 393 F.3d at 1115 (citation omitted).

The court has considered Mr. Grady's request for appointed counsel and the appropriate factors. As a *pro se* litigant, Mr. Grady is afforded a liberal construction of his papers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Mr. Grady has thus far adequately presented his claims unaided by counsel. Mr. Grady's concern about assistance with discovery is premature at this stage of the litigation. The court concludes that there is not an adequate basis at this stage of the proceedings for the court to request counsel to volunteer to represent him.

Accordingly, IT IS ORDERED that:

1. Mr. Grady's "Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915" (filed October 4, 2010) (doc. # 25) is DENIED.

2. Mr. Grady's "Incarcerated Plaintiff's Motion to Request Permission to Conduct Discovery Pursuant to Fed. R. Civ. P. Rules 26(a)(1)(E)(iii) and 26(f)" (filed

October 4, 2010) (doc. # 26) is DENIED.

3. Mr. Grady's "Plaintiff's Motion to Request the Court to Invite Counsel to Assist the Plaintiff in Litigation and Discovery" (filed October 4, 2010) (doc. # 27) is DENIED.

DATED at Denver, Colorado, this 7th day of October, 2010.

BY THE COURT:


　　s/Craig B. Shaffer
United States Magistrate Judge